UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| CHRISTOPHER SANABRIA,<br><br>                              **Plaintiff,**<br><br>        -against-<br><br>THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and POLICE OFFICERS "JOHN DOE 1-4,"<br><br>                              **Defendants.** | **ANSWER OF DEFENDANTS CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT**<br><br>07 Civ. 4168 (LTS)<br><br>JURY TRIAL DEMANDED |

------------------------------------------------------------------------ x

        Defendants City of New York ("City") and New York City Police Department ("NYPD"), by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows.

        1. Deny the allegations set forth in paragraph "FIRST" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        2. Deny the allegations set forth in paragraph "SECOND" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        3. Deny the allegations set forth in paragraph "THIRD" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "FOURTH" of the complaint.

        5. Deny the allegations set forth in paragraph "FIFTH" of the complaint, except admit that defendant City is a municipal corporation.

6. Deny the allegations set forth in paragraph "SIXTH" of the complaint, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "SEVENTH" of the complaint.

8. Deny the allegations set forth in paragraph "EIGHTH" of the complaint, except admit that plaintiff purports to proceed as stated therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "NINTH" of the complaint.

10. In response to the allegations set forth in paragraph "TENTH" of the complaint, defendants City and NYPD repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "ELEVENTH" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "TWELFTH" of the complaint.

13. Deny the allegations set forth in paragraph "THIRTEENTH" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "FOURTEENTH" of the complaint.

15. Deny the allegations set forth in paragraph "FIFTEENTH" of the complaint.

16. Deny the allegations set forth in paragraph "SIXTEENTH" of the complaint.

17. Deny the allegations set forth in paragraph "SEVENTEENTH" of the complaint.

18. Deny the allegations set forth in paragraph "EIGHTEENTH" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "NINETEENTH" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "TWENTIETH" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "TWENTY-FIRST" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "TWENTY-SECOND" of the complaint.

23. Deny the allegations set forth in paragraph "TWENTY-THIRD" of the complaint.

24. Deny the allegations set forth in paragraph "TWENTY-FOURTH" of the complaint.

25. Deny the allegations set forth in paragraph "TWENTY-FIFTH" of the complaint.

26. Deny the allegations set forth in paragraph "TWENTY-SIXTH" of the complaint and all of its subparts.

27. Deny the allegations set forth in paragraph "TWENTY-SEVENTH" of the complaint.

28. Deny the allegations set forth in paragraph "TWENTY-EIGHTH" of the complaint.

29. Deny the allegations set forth in paragraph "TWENTY-NINTH" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

30. In response to the allegations set forth in paragraph "THIRTIETH" of the complaint, defendants City and NYPD repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

31. Deny the allegations set forth in paragraph "THIRTY-FIRST" of the complaint.

32. Deny the allegations set forth in paragraph "THIRTY-SECOND" of the complaint.

33. Deny the allegations set forth in paragraph "THIRTY-THIRD" of the complaint.

34. Deny the allegations set forth in paragraph "THIRTY-FOURTH" of the complaint.

35. Deny the allegations set forth in paragraph "THIRTY-FIFTH" of the complaint.

36. Deny the allegations set forth in paragraph "THIRTY-SIXTH" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

37. In response to the allegations set forth in paragraph "THIRTY-SEVENTH" of the complaint, defendants City and NYPD repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

38. Deny the allegations set forth in paragraph "THIRTY-EIGHTH" of the complaint.

39. Deny the allegations set forth in paragraph "THIRTY-NINTH" of the complaint.

40. Deny the allegations set forth in paragraph "FOURTIETH" of the complaint.

41. Deny the allegations set forth in paragraph "FORTY-FIRST" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

42. In response to the allegations set forth in paragraph "FORTY-SECOND" of the complaint, defendants City and NYPD repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "FORTY-THIRD" of the complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "FORTY-FOURTH" of the complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "FORTY-FIFTH" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

46. In response to the allegations set forth in paragraph "FORTY-SIXTH" of the complaint, defendants City and NYPD repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "FORTY-SEVENTH" of the complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "FORTY-EIGHTH" of the complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "FORTY-NINTH" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

50. Deny the allegations set forth in paragraph "FIFTIETH" of the complaint, except admit that a document purported to be a Notice of Claim was received by the City of New York on September 21, 2006.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "FIFTY-FIRST" of the complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "FIFTY-SECOND" of the complaint.

53. Deny the allegations set forth in paragraph "FIFTY-THIRD" of the complaint.

54. Deny the allegations set forth in paragraph "FIFTY-FOURTH" of the complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "FIFTY-FIFTH" of the complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "FIFTY-SIXTH" of the complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "FIFTY-SEVENTH" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

58. The complaint fails to state a claim upon which relief can be granted.

- 7 -

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

59. Defendants City and NYPD have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

60. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendants City and NYPD have governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

61. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants City or NYPD.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

62. The New York City Police Department is not a suable entity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

63. There was probable cause for plaintiff's arrest, detention and prosecution.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

64. Plaintiff provoked any incident.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

65. Plaintiff failed to comply with New York General Municipal Law § 50-e.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

66. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

**WHEREFORE,** defendants City and NYPD request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
              August 20, 2007

<div style="margin-left:2em">

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants City and NYPD
100 Church Street
New York, New York 10007
(212) 788-0906

By:         /s/
   Shawn D. Fabian (SF4606)
   Assistant Corporation Counsel
   Special Federal Litigation Division

</div>

To:    Steven S. Orlow, Esq. (By ECF and First Class Mail)
      Orlow, Orlow & Orlow, P.C.
      Attorneys for Plaintiff
      71-18 Main Street
      Flushing, New York 11367

- 9 -

**DECLARATION OF SERVICE**

Shawn D. Fabian declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On August 20, 2007, I served the annexed "**ANSWER OF DEFENDANTS CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT,**" upon Steven S. Orlow, Esq., attorney for plaintiff, by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff:

> Steven S. Orlow, Esq.
> Orlow, Orlow & Orlow, P.C.
> 71-18 Main Street
> Flushing, New York 11367

being the address designated by plaintiff for that purpose.

Dated: New York, New York
       August 20, 2007

/s/
_____
SHAWN D. FABIAN
ASSISTANT CORPORATION COUNSEL