UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CHRISTOPHER SANABRIA,

                      **Plaintiff,**

            -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT and POLICE OFFICERS "JOHN
DOE 1-4,"

                      **Defendants.**

------------------------------------------------------------------------ x

**PRELIMINARY PRE-TRIAL STATEMENT**

07 Civ. 4168 (LTS)(THK)

JURY TRIAL DEMANDED

**A.**     **Statement of the Nature of the Action**

Plaintiff brings this action to redress the deprivation under color of statute, ordinance, regulation, custom or usage, of a right, privilege, and immunity secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. §1983) and arising under the laws and statutes of the State of New York.

**B.**     **Parties' Statements Regarding Jurisdiction**

**Plaintiff –**

Plaintiff claims jurisdiction is based upon the existence of a federal question. Also, jurisdiction is based upon USC 1343(3)&(4) this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage, of a right, privilege, and immunity secured to a plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

**Defendants -**

Defendants City and NYPD do not contest the Court's jurisdiction over this action.

**C.**     **Material Uncontested/Admitted Facts**

At this time, there are no admitted facts and no material facts which are uncontested.

**D.**     **Uncontested Legal Issues**

At this time, there are no uncontested legal issues.

**E.** **Legal Issues for Decision by the Court**

At this time, there are no legal issues to be decided by the Court. The parties agree to expeditiously bring any legal issues that the Court must decide to the Court's attention at the appropriate time.

**F.** **Material Disputed Facts**

All facts are disputed.

**G.** **Legal Basis for Plaintiff's Claims**

Plaintiff claims that on August 23, 2006, he was violently assaulted by a group of police officers without any justification whatsoever causing him to sustain serious physical injuries. Plaintiff is making a claim for negligence, assault and battery, pursuant to State law and is also claiming that his civil rights were violated pursuant to 42 USC 1983 in that the officers who committed these acts against plaintiff were acting not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of New York, and under the authority of their office as a police officer of said state, city and county.

**H.** **Legal Basis for the Defenses**

- The complaint fails to state a claim upon which relief can be granted.

- Defendants City and NYPD have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

- Defendants City and NYPD have governmental immunity from liability.

- Any injury alleged to have been sustained resulted from plaintiff's own culpable conduct and was not the proximate result of any act of defendants City or NYPD.

- The New York City Police Department is not a suable entity.

- There was probable cause for plaintiff's arrest, detention and prosecution.

- Plaintiff provoked any incident.

**I.** **Measure and Burden of Proof for Each Cause of Action or Defense**

**Plaintiff –**

Plaintiff bears the burden of proof as to his claims by a preponderance of the evidence.

**Defendants –**

Defendants bear the burden of proof by a preponderance of evidence with respect to their affirmative defenses.

**J.     Amendments to the Pleadings**

The parties submit that amendments to the pleadings be made by: **December 14, 2007**

**Plaintiff –**

Plaintiff does anticipate amending his pleadings in order to include the individual police officers as defendants once their identities are ascertained through discovery.

**Defendants -**

Defendants City and NYPD do not anticipate any amendment to their pleading.

**K.     Magistrate Trial**

The parties consent to trial of the case by the magistrate judge.

**L.     Changes to the Requirements of Fed.R.Civ.P. 26**

None.  The parties submit that disclosures pursuant to Fed. R. Civ. P. 26 should be completed by: **October 26, 2007**

**M.     Subjects of Discovery and the Respective Parties' Discovery Plans**

The parties submit that all discovery should be completed by: **April 18, 2008**

**Plaintiff –**

Plaintiff intends to do the following in discovery: serve interrogatories and document requests, requests for admission, depositions of each involved officer once they are identified and possible non-party depositions.

**Defendants -**

Defendants City and NYPD intend to conduct discovery which includes, but is not limited to, serving Interrogatories and Requests for Production of Documents, Requests for Admission, and deposing the plaintiff and any necessary non-party witnesses.  Defendants City and NYPD will seek information and statements regarding the subject incident and information from the plaintiff including, but not limited to, all medical records pertaining to the alleged incident, employment authorizations and records, information regarding prior lawsuits, prior arrests, and any prior injuries.

**N.**     **Expert Evidence**

   **Plaintiff** –

Plaintiff does anticipate serving Expert discovery on defendant relating to a medical expert.

   **Defendants** –

As plaintiff alleges physical and/or psychological injuries as a result of the alleged incident, defendants City and NYPD anticipate retaining a rebuttal expert(s) after plaintiff's Rule 26(a)(2) disclosures are received.

**O.**     **Limitations on Discovery**

   None.

**P.**     **Status of and Prospects for Settlement**

At this time, the parties have not engaged in settlement discussions.  Therefore, the prospect for settlement, at this time, is unknown.  However, defendants remain amenable to engaging in settlement discussions and await a reasonable settlement demand from plaintiff.

**Q.**     **Jury Trial**

The parties have requested a jury trial and anticipate that trial should last approximately two to four days.

**R.**     **Other Matters**

   None at this time

Dated: October 22, 2007
       New York, New York


_____/s/_____        _____/s/_____
ADAM ORLOW                                 SHAWN D. FABIAN
Orlow, Orlow & Orlow P.C.                  Assistant Corporation Counsel
Attorneys for Plaintiff                    Attorneys for Defendants City and NYPD
71-18 Main Street                          Corporation Counsel of the
Flushing, New York 11367                       City of New York
(718) 544-4100                             100 Church Street
                                           New York, New York 10007
                                           (212) 788-0906